**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GLENVERT GREEN,** : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-16-2046 |
| v. : | |
| : | (Judge Caputo) |
| **USP-CANNAN,** : | |
| Defendant : | |

**M E M O R A N D U M**

**I.   Introduction**

On October 1, 2016, pro se plaintiff Glenvert Green, an inmate, a former federal inmate, filed a motion to proceed *in forma pauperis* (ECF No. 8) and a civil complaint pursuant to "1983"[1] against USP-Canaan, in Waymart, Pennsylvania.[2] Mr. Green seeks to bring "medical malpractice" claim against USP-Canaan following USP-Canaan medical staff "knowingly and intentionally" failing to provide him appropriate medical care for his Achilles tendon injury. (ECF No. 1, Compl.)

---

[1] Although Mr. Green seeks relief pursuant to 42 U.S.C. § 1983, his suit is properly construed as an action under *Bivens*, not § 1983, because it is against federal actors, not state actors. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d. 619 (1971) (recognizing a private cause of action to recover damages against federal actors for constitutional violations). *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012).

[2] Mr. Green is presently housed at the Columbia County Prison in Bloomsburg, Pennsylvania. (ECF No. 7.)

The Complaint is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, Mr. Green will be granted leave to file an amended complaint.

## II.  Standard of Review

A complaint filed *in forma pauperis* may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[M]ore than labels and conclusions" are required. *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964 - 65. When appropriate, the court may also consider public records, such as court filings. *See Churchill v. Star Enterprises*, 183 F.3d 184, 190 n.5 (3d Cir. 1999)

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III.    Background

On Saturday, July 16, 2016, while playing basketball at USP-Canaan, Mr. Green fell injuring his ankle. (ECF No. 1, Compl.) He was immediately taken to the medical unit where Nurse Gluckskins provided him with an ice bag, crutches and Ibuprofen. He was diagnosed as having a high ankle sprain and told he would be placed on Monday's "institutional call-out." (*Id*., p. 2). Mr. Green was not seen on Monday, July 18, 2016. He was seen the following day by PA Szymanski who scheduled him for an x-ray on July 25, 2016. The delay in taking the x-ray was because the "x-ray was out." PA Szymanski also confiscated Mr. Green's crutches.

On July 26, 2016, Drs. Kaiser and Mowatt examined Mr. Green and determined he tore his Achilles tendon. He was then provided a wheel chair with "no leg parts." (*Id*.) Three days later he underwent surgery at the Wayne Memorial Hospital in Honesdale, Pennsylvania. Dr. Mogerman performed the surgery.

On August 1, 2016, Mr. Green learned that the medication Dr. Mogerman prescribed for him "expired" even though it was ordered for twenty-one days. The following day Dr. Kaiser advised Mr. Green not to take any Ibuprofen as it would "tear [his] stomach lining" and that he would "tell Dr. Mowatt to represcribe (sic)" his medication. (*Id*.)  During an institutional lockdown, Mr. Green was given 800 mgs of Ibuprofen due to pain.

On August 19, 2016, Mr. Green received a false incident report from PA Carey which resulted in his placement in USP-Canaan's SHU.  Although Mr. Green filled out several request slips to see PA Carey to discuss his ongoing medical condition, she failed to see him.  On August 20 and September 17, 2016, although scheduled to see Dr. Mogerman these days, Mr. Green was not seen.  On September 21, 2016, Dr. Kaiser came to "check on" Mr. Green as he had not been seen recently.  (*Id*., p. 3.)

On September 27, 2016, Officers Fickens and Kahanie escorted Mr. Green to the "Waymart Orthopedic Clinic" to have his cast and staples removed. (*Id*.)  Mr. Green noticed that his last two staples were "coming out causing a prolonged heeling which was [due to] an open soar (sic)." (*Id*.)  Mr. Green was seen by Nurse Gluckskins on September 28, 2016 for wound care.  At that visit it was noted that "a staple [was] still enlarged in [his] ankle."  (*Id*.)  As of October 1, 2016, Mr. Green had not received any information concerning a physical therapy or rehabilitative plan for his ankle. (*Id*.)

**IV.   Discussion**

    **A.   Failure to State a *Bivens* Claim against USP-Canaan.**

Although *Bivens* authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers, it does not permit suit against the federal agency itself.  *See FDIC v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.308 (1994) (sovereign immunity shields the federal government from suit absent a waiver; *Bivens* action permits suit only against an individual who is an agent of the federal government); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 - 70, 122 S.Ct. 515, 520 - 21, 151 L.Ed.2d 456 (2001) (same).  As such, Mr. Green may not bring a *Bivens* claim against USP-Canaan, the sole named defendant.

    B.   **Leave to Amend**

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  *Phillips*, 515 F.3d at 236.  Here, Mr. Green has failed to name a proper defendant.  Although Mr. Green has specifically identified several USP-Canaan medical personnel within the body of his Complaint, he does not identify them as defendants nor did he submit completed service forms for them.  *See* ECF Nos. 1 and 10.  Because it is unclear whether Mr. Green seeks to assert *Bivens* claims against these individuals and/or an additional claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), the Court will grant this *pro se* litigant the opportunity to file an amended complaint.

If Mr. Green decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Green is advised that any amended complaint he files will supersede the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Mr. Green should take care that his amended complaint is concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. He must also specify the relief he seeks with regard to each claim and defendant. Mr. Green's failure to file an appropriate amended complaint within the required time may result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

An appropriate order follows.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**Date: December 2, 2016**