**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLENVERT GREEN,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:16-CV-2046 |
| v. | : | (Judge Caputo) |
| **USP CANNAN,** *et al.,* | : | |
| Defendants | : | |

**M E M O R A N D U M**

**I.  Introduction**

On April 4, 2018, the Court granted the Defendants' motion for summary judgment based on Plaintiff's failure to properly exhaust his available administrative remedies with respect to his claim that various medical staff members at USP-Canaan were deliberately indifferent to his ongoing medical needs following the rupture of his Achilles tendon. (ECF Nos. 41 and 42.) On May 1, 2018, Mr. Green filed a motion for reconsideration asserting that: (1) he never received a copy of Defendants' proposed statement of material facts; and (2) the Bureau of Prisons' administrative remedy program was unavailable to him as defendants refused to process his BP-9 and "was given a[n] Administrative Tort Claim Form" instead. (ECF No. 44.) Mr. Green never filed a brief in support of his motion as required by

Pa. M.D. Local Rule 7.5. Defendants filed a brief in opposition to Mr. Green's motion. (ECF No. 45.)

For the reasons that follow, Mr. Green's motion for reconsideration will be denied.

## II.     Standard of Review

Federal Rule of Civil Procedure 60(b) gives a district court the discretion to grant a party relief if a "final judgment, order, or proceeding" was the product of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The scope of a motion for reconsideration is extremely limited. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case". (*Id.*) (citing *Howard Hess Dental Labs, Inc., v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

To prevail on a motion for reconsideration filed pursuant to Fed. R. Civ. P. 60(b), a party must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Astrazeneca v. Pharma. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999))*.* "New evidence" for the purpose of this inquiry "does not refer to evidence that a party ... submits to the court after an adverse ruling. Rather, new evidence in this context means evidence

that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc.*, 602 F.3d at 252.

III. **Discussion**

   A. **Mr. Green's Motion is Deemed Withdrawn**

Mr. Green filed his motion for reconsideration on April 26, 2018. (ECF No. 44.) Pursuant to Local Rule 7.5, Plaintiff had fourteen days to file a brief in support of his motion. The Court forwarded Mr. Green a copy of this district's Standing Practice Order in *pro se* plaintiff cases cautioning him that when a moving party does not file a brief in support of a motion within the 14-day deadline, the "party shall be deemed to have withdrawn the motion." (ECF No. 2.)[1] Accordingly, because Mr. Green never filed a brief in support of his motion for reconsideration, the Court will deem the motion withdrawn.

   B. **Mr. Green's Motion for Reconsideration**

Alternatively, even if the Court were to consider the arguments presented in Mr. Green's motion, the motion would be denied.

On May 1, 2018, Mr. Green filed a motion for reconsideration asserting that: (1) he never received a copy of Defendants' proposed statement of material facts; and (2) the Bureau of Prisons' administrative remedy program was unavailable to

---

[1] The original copy of the Standing Practice Order mailed to Mr. Green returned as undeliverable. However, as reflected in the docket, the Court mailed a second copy to Plaintiff at the Columbia County Prison. There is no record of that mailing be returned to the Court.

him as defendants refused to process his BP-9 and "was given a[n] Administrative Tort Claim Form" instead. Of these arguments, neither demonstrates an intervening change in law, the availability of previously unavailable evidence, or a need to correct a clear error of law or fact, and thus he is not entitled to relief.

As for Mr. Green's claim that he did not receive a copy of the Defendants' Statement of Material Facts and thereby prevented him from properly responding to their motion, the Court finds this theory unsupported by the record. (ECF No. 44.) Mr. Green was on notice of the Defendants' obligation to file a statement of material facts with their motion for summary judgment per Local Rule 56.1, and aware that Defendants relied on such a statement as referenced in their April 2017 supporting brief and reply brief. (ECF No. 33, p. 3 and ECF No. 37, p. 2.) Moreover, the Defendants' summary judgment brief also summarized the facts and documents relied upon when advancing their affirmative defense that Plaintiff failed to exhaust his medical claim. (ECF No. 33., p. 7.) The Court has examined Mr. Green's brief in opposition to Defendants' summary motion as well as a sur-reply brief. (ECF Nos. 35 and 38.) At no time did Mr. Green alert the Defendants, or the Court, that he did not receive Defendants' Statement of Material Facts, or supporting documents, referenced in their briefs. If Mr. Green failed to receive a copy of them, Plaintiff did not exercise due diligence and promptly alert the Defendants, or the Court, of the issue. Based on the record before the Court, Mr. Green's lack of diligence to protect his own interests does not demonstrate good cause for justifying the disturbance of the Court's granting of the Defendants' summary judgment motion. Moreover, given

Mr. Green's failure to brief his motion for reconsideration or proffer any new evidence that would demonstrate his compliance with the exhaustion requirement as to his medical claims, or suggest the existence of evidence he would have provided to contradict the Defendants' statement of material fact that he did not present in connection with his Complaint, there is no basis to grant Mr. Green's motion for reconsideration.

To the extent Mr. Green argues that his administrative remedies were "unavailable" due to Defendants' actions, a motion for reconsideration of arguments already presented, and addressed by the Court, is improper. Mr. Green unsuccessfully made the same arguments in his opposition to Defendants' motion and in his sur-reply brief. Mr. Green was transferred unexpectedly on October 5, 2016; however, he filed his Complaint on October 1, 2016. (*See* ECF No. 1, p. 3.) Mr. Green's assertion that his repeated transfers interfered with ability to exhaust his administrative remedies was unsupported by the summary judgment record. Upon consideration of his motion for reconsideration Mr. Green fails to present, any new evidence not presently in the record which would bolster his claim of Defendants' interference with his administrative remedies prior to filing his Complaint in this matter.

Mr. Green's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed in the Court's ruling in this matter. Thus, the Court finds that its memorandum and order of April 4,

2018, is not defective because of manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected the Court's decision.  Furthermore, the memorandum and order of April 4, 2018, is not subject to revision based on mistake, inadvertence, surprise or excusable neglect as asserted by Mr. Green.  Mr. Green fails to set forth any valid basis for reconsideration of the granting of Defendants' motion for summary judgment based on the finding that he failed to properly exhaust his available administrative remedies prior to filing his lawsuit.  Consequently, the motion for reconsideration will be denied.

An appropriate order follows.

**Dated:**  May  24, 2018                             /s/ A. Richard Caputo
                                                                      **A. RICHARD CAPUTO**
                                                                      **United States District Judge**